# United States District Court, Northern District of Illinois

JJ-6

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2243 | **DATE** | April 29, 2003 |
| **CASE TITLE** | *Hodel vs. Aguirre, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. The court denies petitioner's petition for a writ of habeas corpus [1-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2003 | |
| ✓ | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CW | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 3 0 2003

ANTON HODEL, )
)
         Petitioner, )
)
v. ) Case No. 03 C 2243
)
EDUARDO AGUIRRE, Director of the Bureau ) Judge James H. Alesia
of Citizenship & Immigration Services,[1] )
JOHN ASHCROFT, Attorney General of the )
United States, and TOM RIDGE, Director of )
Homeland Security, )
)
         Respondents. )

## MEMORANDUM OPINION AND ORDER

Before the court is petitioner, Anton Hodel's ("Hodel"), petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] For the following reasons, the court denies Hodel's petition for habeas corpus.

### I. BACKGROUND

Hodel is a native and citizen of Austria who was admitted to the United States as a lawful permanent resident in 1956. In April 1995, Hodel pleaded guilty and was convicted for

---

[1]Respondents informed the court that Eduardo Aguirre, Director of the Bureau of Citizenship and Immigration Services, is not a proper party because the enforcement functions of the INS have been transferred to the Bureau of Immigration and Customs Enforcement. Thus, Cynthia J. O'Connell, the Interim District Director of the Bureau of Immigration and Customs Enforcement, is substituted for Eduardo Aguirre pursuant to FED. R. CIV. P. 25(d)(1).

[2]Petitioner failed to file a reply brief within the briefing schedule set forth by the court. Thus, the court will rule on the petition without the benefit of petitioner's reply. LOC. R. 78.3 (stating "[f]ailure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.").

conspiracy to possess with intent to distribute marijuana. In July 1996, upon completion of his sentence, Hodel was transferred into the custody of the Immigration and Naturalization Service ("INS") pursuant to a detainer lodged by the INS in 1995. On December 9, 1997, an Immigration Judge ("IJ") ordered Hodel removed based upon the conviction. The IJ denied Hodel's request for relief from removal under § 212(c) ("§ 212(c)") of the Immigration and Nationality Act ("INA") on the basis that § 212(c) relief was not available. Hodel appealed the decision to the Board of Immigration Appeals ("BIA") and the BIA dismissed his appeal on June 15, 1998. Hodel did not file an appeal of the BIA ruling with the Seventh Circuit Court of Appeals. Thus, his removal order became final as of June 15, 1998.

On September 24, 1998, Hodel filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois. On February 24, 1999, his petition was dismissed for lack of subject matter jurisdiction. On February 13, 2003, respondents sent Hodel a notification requiring him to report for his deportation on March 11, 2003. Hodel complied with this request and is currently in the custody of the Department of Homeland Security, Bureau of Customs and Immigration Enforcement pursuant to § 241 of the INA ("§ 241").

On or about March 6, 2003, Hodel filed a motion to reopen and requested a stay of deportation with the BIA based on the Supreme Court decision *INS v. St. Cyr*, 533 U.S. 289 (2001), which held relief under § 212(c) is available to individuals who pleaded guilty and were convicted before the effective date of the Immigration Reform and Immigrant Responsibility Act of 1996. On March 25, 2003, the BIA issued a stay of removal pending its consideration of the motion to reopen. On March 31, 2003, Hodel filed this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 ("§ 2241"), claiming that § 241 violates his due process rights under the Fifth Amendment, and requesting his immediate release from detention.

First, respondents argue this court lacks subject matter jurisdiction because 8 U.S.C. § 1252(g) ("§ 1252(g)") precludes review and Hodel has failed to exhaust his administrative remedies. Second, respondents claim Hodel's challenge to his detention is not ripe for judicial review under the statutory scheme of the INA. The court will address each of respondents' arguments in turn.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. Section 1252(g)

Respondents argue this court lacks subject matter jurisdiction. Specifically, respondents assert this case is barred by § 1252(g) as it involves a decision of the Attorney General to execute a removal order. Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Supreme Court narrowed the scope of § 1252(g) by finding it applies only to three discrete actions, the Attorney General's decision to "*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

This case is in a unique procedural posture as Hodel is subject to a final order of removal, but has been granted a stay of deportation by the BIA pending consideration of his motion to

3

reopen. Thus, Hodel is not asking the court to block a decision to "commence proceedings, adjudicate cases, or execute removal orders." Instead, Hodel's petition concerns his detention while his motion to reopen is pending, which is beyond the scope of § 1252(g). *See Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) (finding § 1252(g) did not preclude review of claim concerning detention while the administrative process lasts); *Moro v. INS*, 58 F. Supp. 2d 854, 859 (N.D. Ill. 1999) (finding § 1252(g) inapplicable to petitioner's challenge to detention pursuant to § 1231). Further, the Supreme Court held that § 1252(g) did not deprive federal courts of habeas jurisdiction pursuant to § 2241 to review pure questions of law. *INS v. St Cyr*, 533 U.S. 289, 314 (2001). Thus, § 1252(g) does not foreclose review and the court may address the questions of law raised by Hodel. Therefore, the court has subject matter jurisdiction.[3]

### 2. Exhaustion of administrative remedies

Respondents also argue Hodel must exhaust his administrative remedies before invoking the jurisdiction of this court. Generally, parties must exhaust available administrative remedies before seeking relief from the federal courts. *Yanez v. Holder*, 149 F. Supp. 2d 485, 489 (N.D. Ill. 2001) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992)). However, exhaustion of administrative remedies is not required if the administrative agency lacks the competence to resolve the particular issue presented. *Id.* (citing *McCarthy*, 503 U.S. at 146-48).

---

[3]Although neither party addressed the issue, the court notes that § 440(a) of the Antiterrorism and Effective Death Penalty Act does not preclude jurisdiction because Hodel does not challenge his removal order, but his detention pending removal. *See Pesic v. Perryman*, No. 99 C 3792, 1999 WL 639194, at *4 (N.D. Ill. Aug. 17, 1999) (finding § 440(a) did not preclude habeas review of petitioner's challenge to detention pending removal); *Moro v. INS*, 58 F. Supp. 2d at 855-56.

4

In this case, Hodel raises a constitutional challenge to § 241. Administrative agencies lack the authority to deal dispositively with constitutional challenges. *Singh v. Reno*, 182 F.3d 504, 510 (7th Cir. 1999); *Castenada-Suarez v. INS*, 993 F.2d 142, 144 (7th Cir. 1993) (stating "due process claims are generally exempt from the exhaustion requirement because the [BIA] does not have authority to adjudicate constitutional issues."). Thus, courts have waived the exhaustion requirement of administrative remedies for petitioners who raise constitutional issues. *Yanez*, 149 F. Supp. 2d at 489 (citing cases). Therefore, because Hodel premises his petition on his due process claim, the exhaustion requirement is waived in this case.

Neither § 1252(g) nor the exhaustion requirement preclude the court from exercising jurisdiction in this case. Thus, the court has subject matter jurisdiction under the basic federal habeas corpus statute, § 2241, which grants the court authority to determine whether detention is statutorily proper.[4] *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Because the court has determined that it has subject matter jurisdiction, the court will now address Hodel's detention pursuant to § 241.

---

[4] In the petition for habeas corpus, Hodel invokes the court's mandamus jurisdiction. However, Hodel makes no arguments in his brief in support of mandamus. Mandamus is not available where there is no private right of action under a statute. *Pesic v. Perryman*, No. 99 C 3792, 1999 WL 639194, at *6 (N.D. Ill. Aug. 17, 1999) (citing *Aguirre v. Meese*, 930 F.2d 1292, 1293 (7th Cir. 1991)). The court does not have mandamus jurisdiction because there is no private right of action under § 241. *See id.* (finding the language of § 241 expressly precludes the court from issuing mandamus to compel the INS to provide a release determination because there is no private right to demand one). Because the court finds that it has subject matter jurisdiction pursuant to § 2241, the court need not address the additional statutes Hodel cites in support of jurisdiction.

B.  <u>Section 241 of the INA</u>

The parties agree that Hodel is being detained pursuant to § 241. Hodel challenges the application of § 241 as violative of his due process rights under the Fifth Amendment. Respondents argue that Hodel's claim is not ripe for judicial review under the statutory scheme of the INA.

According to § 241, once an alien is ordered removed, the Attorney General has ninety days, known as the removal period, in which to remove the alien. 8 U.S.C. § 1231(a)(1)(A). During the removal period, aliens convicted of aggravated felonies and crimes involving controlled substances must be detained by the Attorney General. 8 U.S.C. § 1231(a)(2). After the ninety-day removal period the Attorney General may continue to detain aliens that are removable because they have committed serious crimes or have been determined to be a risk to the community or unlikely to comply with the removal order. 8 U.S.C. § 1231(a)(6).

Both parties rely upon *Zadvydas v. Davis* to support their arguments. In *Zadvydas*, the Supreme Court limited an alien's detention pursuant to the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to a period reasonably necessary to bring about the alien's removal and held the statute does not permit indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Court established a six-month period of post-removal-order detention to be presumptively reasonable. *Id.* at 701.

In this case, Hodel has been in custody since March 11, 2003 and the ninety-day removal period has not yet expired.[5] Under § 241(a), Hodel qualifies as an alien convicted of an aggravated felony who cannot be released under any circumstances during the ninety-day removal period. Additionally, the six-month period deemed reasonable by the Supreme Court in *Zadvydas* has not yet expired. Thus, no relief is available for Hodel. In sum, the court finds Hodel is not entitled to relief because his detention is required by § 241 and deemed reasonable under the Supreme Court's decision in *Zadvydas*.

### III. CONCLUSION

For the foregoing reasons, the court denies Hodel's petition for a writ of habeas corpus.

Date: APR 2 9 2003

James H. Alesia
United States District Judge

---

[5]Hodel states in his brief in support of habeas corpus that he has been subject to a "nine month incarceration." Hodel fails to provide any dates or facts in support of this statement. Thus, the court will accept respondents' facts regarding detention as respondents attached supporting documentation to their brief.

7